IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10355
Summary Calendar

_____

JIMMY RAY BRIGHAM, SR.,

Plaintiff-Appellee,

versus

OFFICER RABB, ET AL.,

Defendants,

OFFICER RABB; OFFICER SWONSON;
OFFICER MURPHY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-2212-BC)

_____

December 23, 1998

Before KING, GARWOOD and SMITH, Circuit Judges.[*]

PER CURIAM:

Officers Romney Rabb, Joseph C. Swonson, and Thomas Murphy
(officers) have filed an interlocutory appeal of the order of the
magistrate judge (by whom the parties consented to have the case

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decided) denying their motion for summary judgment based upon qualified immunity. To the extent that the officers argue that the record contains insufficient evidence to overcome the evidence that they presented or to create any genuine issue of material fact, this Court lacks jurisdiction. A summary judgment denial based upon there being sufficient evidence to create a genuine issue of material fact is not subject to immediate appeal. *Hare v. City of Corinth, Miss*., 74 F.3d 633, 638 (5th Cir. 1996) (citing *Johnson v. Jones*, 115 S.Ct. 2151, 2156 (1995)).

To the extent that the officers argue that Brigham's failure to present or discuss any evidence in his response to their summary judgment motion requires, as a matter of law, that summary judgment be granted in their favor, their argument lacks merit. It appears that the magistrate judge, in determining there were genuine issues of material fact, likely relied on other evidence in the record, most notably Brigham's responses to the magistrate judge's questionnaire, as raising a genuine issue of material fact regarding whether the officers engaged in the conduct forming the basis of Brigham's complaint. The answers to the magistrate judge's questions are verified, and verified pleadings may be considered as proper summary judgment evidence if they meet the other standards set forth in Fed. R. Civ. P. 56(e) for affidavit evidence. *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc*., 831 F.2d 77, 80 (5th Cir. 1987). We find that Brigham's answers to the magistrate judge's questions, when viewed in light of the record as a whole, meet the Rule 56(e) criteria. *See id*.

2

Brigham's failure to call the magistrate judge's attention to these materials in his response to the summary judgment motion did not preclude their consideration by the magistrate judge in denying the motion for summary judgment. A district court has no affirmative duty to search the record for competent summary judgment evidence supporting a party's opposition to a motion for summary judgment. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.8 (5th Cir. 1992). However, the district court is not prohibited from considering such evidence, if it exists in the record, by the nonmoving party's failure to call the court's attention to it. *Skotak*, 953 F.2d at 16 & n.7. In the instant case, the magistrate judge was familiar with the questionnaire, which she had drafted, and with Brigham's response to it. Reversible error in the denial of summary judgment is not demonstrated by the trial court's entire reliance on otherwise proper evidentiary material then of record merely because the nonmovant has not called that material to the trial court's attention in responding to the motion for summary judgment.

Assuming that this Court would have jurisdiction over the officers' argument that summary judgment should have been entered based upon 42 U.S.C. § 1997e(e), their argument fails. The officers did not make this argument before the district court, and review is for plain error. *See Highlands Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh*, 27 F.3d 1027, 1031-32 (5th Cir. 1994). Failure to consider section 1997e(e) on this interlocutory

3

appeal will not bar defendants from hereafter relying on it in the district court or otherwise work any injustice.

                                                        AFFIRMED

4